NOT FOR PUBLICATION                                                                                          (Doc. No. 68)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| SUN NATIONAL BANK, | : |
| Plaintiff, | : Civil Action No. 13–5800 (RBK/KMW) |
| v. | : **OPINION** |
| SEAFORD SPECIALTY SURGERY CENTER, LLC, *et al.*, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Sun National Bank's Motion for Default Judgment (Doc. No. 68) against Seaford Specialty Surgery Center, LLC ("Seaford Surgery") and Medical Consulting Group Ambulatory Surgery Centers, L.L.C. ("Medical Consulting Group") (collectively, "Defendants"). For the reasons set forth below, the Plaintiff's Motion will be **DENIED WITHOUT PREJUDICE**.

Federal Rule of Civil Procedure 55(b)(2) governs a court's determination concerning entry of default judgment. The court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default, except for allegations relating to the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). However, the Court must make an independent determination with respect to the legal effect of any agreement. *ATACS Corp. v. Trans World Commc'ns, Inc.*, 155 F.3d 659, 665 (3d Cir. 1998) (citing *Linder v. Inhalation Therapy Servs., Inc.*, 834 F.2d 306, 310 (3d Cir. 1987)).

1

NOT FOR PUBLICATION (Doc. No. 68)

On April 16, 2015, the Clerk entered default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). Plaintiff asserts breach of contract, seeking payment of three promissory notes executed by Seaford Surgery, interest on those notes, and attorneys' fees and costs. Plaintiff also seeks attorneys' fees and costs, and payment of the loan guaranty made by Medical Consulting Group.

To establish liability in New Jersey on a breach of contract claim, a plaintiff bears the burden of showing: (1) that the parties entered into a valid contract, (2) the defendant failed to perform its obligations under the contract, and (3) the breach resulted in damages sustained by the plaintiff. *Red Roof Franchising, LLC v. Patel*, 564 Fed. Appx. 685, 688 (3d Cir. 2014) (quoting *Murphy v. Implicito*, 392 N.J. Super. 245, 265 (N.J. Super. Ct. App. Div. 2007)). Whether a *valid* contract exists is a legal, not a factual, determination. *See ATACS Corp.*, 155 F.3d at 665. However, Plaintiff does not attach the relevant loan and guaranty agreements, so the Court cannot determine the validity of those agreements.

To determine whether Plaintiff is entitled to default judgment, the Court requires Plaintiff to file the loan and guaranty agreements. As such, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

Dated: 10/07/2015                  s/ Robert B. Kugler

ROBERT B. KUGLER
United States District Judge