NOT FOR PUBLICATION (Doc. No. 73)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SUN NATIONAL BANK | : |
| Plaintiff, | : Civil No. 13-5800 (RBK/KMW) |
| v. | : **Opinion** |
| SEAFORD SPECIALTY SURGERY CENTER, LLC, et al., | : |
| Defendant(s). | : |

**KUGLER**, United States District Judge:

This matter derives from Defendant Seaford Specialty Surgery Center's ("Seaford") and Defendant Medical Consulting Group Ambulatory Surgery Center's ("Medical Consulting Group") (collectively, "Defendants") alleged failures to repay promissory notes to Plaintiff Sun National Bank ("Plaintiff"). Currently before the Court is Plaintiff's Motion to Enter Default Judgment (Doc. No. 73). For the reasons below, Plaintiff's Motion is **GRANTED IN PART**.

   **I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is the owner and holder of three promissory notes at issue in this case. Am. Compl. ¶ 3. Plaintiff's principal place of business is 226 Landis Avenue, Vineland, New Jersey, 08360. *Id.* ¶ 1. Seaford is a Delaware limited liability company comprised of members who are citizens of states outside of New Jersey. *Id.* ¶ 4. Medical Consulting Group is a Missouri limited liability company comprised of members who are citizens of states outside of New Jersey. *Id.* ¶

4, 9. This motion stems from the Complaint filed against Seaford, Medical Consulting Group, and other defendants on September 30, 2013 (Doc. No. 1).

On or about February 1, 2010, Plaintiff and Seaford entered into a Loan Agreement in which Plaintiff agreed to make available to Seaford: (i) a loan in the original principal amount of $1,850,000.00 ("1070301 Note"); (ii) a loan in the original principal amount of $1,172,000.00 ("1070401 Note"); and (iii) a loan in the original principal amount of $500,000.00 ("1070501 Note") (collectively, "Notes"). *Id*. ¶ 14; Rohmeyer Decl. Exs. 1–5. Medical Consulting Group is a guarantor of the loans. Am. Compl. ¶ 25. Pursuant to the Limited Guaranty and Suretyship Agreement with Plaintiff ("Guaranty Agreement"), Medical Consulting Group agreed to repay Plaintiff in an amount not to exceed "(i) 27.859% multiplied by the total amount of the Obligations outstanding and unpaid at such time, plus (ii) 100% of all costs, fees, and expenses incurred by [Plaintiff] in enforcing its rights against [Medical Consulting Group] under this Guaranty." *Id*.; Rohmeyer Decl. Ex. 7.

On September 30, 2013, Plaintiff filed a Complaint against multiple defendants, alleging in part that Seaford and Medical Consulting Group defaulted on the Notes (Doc. No. 73). The Complaint brings claims of breach of contract, unjust enrichment, and breach of the covenant of good faith and fair dealing against Seaford and a claim of breach of contract against Medical Consulting Group. On that same date, this Court issued summons to Plaintiff to be served upon Defendants (Doc. No. 2). Both Defendants were properly served on October 7, 2013, with service acknowledged and accepted by an officer of each Defendant (Doc. Nos. 4, 9). True and correct copies of Returns of Service were filed with this Court on October 21, 2013 (Doc. Nos. 4, 9).

On October 24, 2013, Defendants filed an Application for Extension of Time to Answer, Move, or Otherwise Reply ("Application") pursuant to Local Civil Rule 6.1(b) (Doc. No. 13). The Clerk of the Court granted the Application on October 25, 2013 (Doc. No. 14). On November 12, 2013, Defendants Seaford, Medical Consulting Group, Claude DiMarco, and Francisco J. Rodriquez filed a Motion to Dismiss Plaintiff's Complaint (Doc. No. 26). After Plaintiff filed its Opposition to Defendant's Motion to Dismiss on December 2, 2013 (Doc. No. 30), Defendants filed a Notice of Withdrawal of its Motion to Dismiss on January 23, 2014 (Doc. No. 45) and stated it would file an answer to the Complaint, if any, within twenty-one days of the Notice. Defendants did not answer Plaintiff's Complaint within twenty-one days and have yet to do so.

Following Defendants' failure to respond, Plaintiff filed a Request for Entry of Default Against Defendants on April 15, 2015 (Doc. No. 64). The Clerk of the Court entered default against Defendants on April 16, 2015. Plaintiff then filed a Motion for Default Judgment on May 26, 2015 (Doc. No. 68). This Court denied that Motion without prejudice because Plaintiff failed to attach the relevant loan and guaranty agreements (Doc. No. 69, 70). Plaintiff subsequently filed the present Motion for Default Judgment on May 16, 2016 (Doc. No. 73). On October 3, 2016, the Court ordered Plaintiff to amend the Complaint to properly plead the citizenship of every party (Doc. No. 75), and on October 17, 2016, Plaintiff filed an Amended Complaint (Doc. No. 76).

**II.     DISCUSSION**

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. Although the decision to enter default judgment is left principally to the discretion of the

district court, there is a well-established preference in this Circuit that cases be decided on the merits rather than by default whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984). Consequently, the Court must address a number of issues before deciding whether a default judgment is warranted in the instant case. If it finds default judgment to be appropriate, the Court will then consider the question of damages.

### A.     The Appropriateness of Default Judgment

#### 1.     Jurisdiction

The Court must determine whether it has subject matter jurisdiction over Plaintiff's claim and personal jurisdiction over Defendants. *See U.S. Life Ins. Co. in City of N.Y. v. Romash*, Civ. No. 09-3510, 2010 WL 2500163, at *1 (D.N.J. June 9, 2010). This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff's principal place of business is in New Jersey. Seaford is a Delaware limited liability company comprised solely of members who are citizens of states other than New Jersey. Medical Consulting Group is a Missouri limited liability company that has members who are citizens of states other than New Jersey. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Thus, there is subject-matter jurisdiction over this action under diversity jurisdiction. This Court also has personal jurisdiction over Defendants because all parties have consented to jurisdiction in this district. Rohmeyer Decl. Ex. 1, § 11.6. In addition, all parties have agreed that this district is the proper venue for disputes arising from or related to the loan documents. *Id.*

#### 2.     Entry of Default

The Court must ensure that the Clerk properly exercised the entry of default under Federal Rule of Civil Procedure 55(a). Rule 55(a) directs the Clerk of the Court to enter a party's default when the party "against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend, and that failure is shown by affidavit or otherwise." Defendants failed to plead or otherwise defend this action. Accordingly, the Clerk appropriately issued the entry of default under Rule 55(a).

### 3. Cause of Action

The Court must determine whether the Complaint states a plausible cause of action. In conducting this inquiry, the Court accepts as true a plaintiff's well-pleaded factual allegations and disregards mere legal conclusions *See*, *e.g.*, *Comdyne I. Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). The Court must ascertain whether the unchallenged facts constitute a legitimate cause of action. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008).

Plaintiff brings three breach of contract claims against Seaford for failure to make timely payments on three Notes. *See* Rohmeyer Decl. Exs. 3–5. To state a valid breach of contract claim under New Jersey law, a plaintiff must establish that: (1) a valid contract existed between the plaintiff and defendant, (2) the defendant breached the contract, (3) the plaintiff performed her obligations under the contract, and (4) the plaintiff incurred damages as a result of that breach. *See Nat'l Util. Serv., Inc. v. Chesapeake Corp.*, 45 F. Supp.2d 438, 448 (D.N.J. 1999). Plaintiff also brings a breach of contract claim against Medical Consulting Group as a guarantor of the loans. Guarantors are responsible for paying a borrower's debt in the case of default. *See Ford Motor Credit Co. Lototsky*, 549 F. Supp. 996, 998 (E.D. Pa. 1982).

Plaintiff has articulated a plausible cause of action against Defendants. There are valid contracts between Plaintiff and Seaford, and Plaintiff and Medical Consulting Group: Plaintiff entered into the Loan Agreement with Seaford on three Notes and entered into the Guaranty Agreement with Medical Consulting Group. Defendants breached the contracts. Seaford promised to make certain payments by certain dates, and allegedly failed to do so. Medical

Consulting Group agreed to guarantee the loans, but allegedly failed to make payments as required by the Guaranty Agreement. Plaintiff performed its obligations under the contract. It provided loans to Seaford pursuant to the Loan Agreement and Notes. Finally, Plaintiff was damaged as a result of Defendants' breaches because Plaintiff did not receive payments under the terms in the Loan Agreement, Notes, and Guaranty Agreement. Therefore, Plaintiff has pleaded a plausible cause of action as to each of its four breach of contract claims.

Plaintiff brings a fourth claim against Seaford for unjust enrichment. To state a claim for unjust enrichment, a plaintiff must allege: "(1) that the defendant has received a benefit from the plaintiff, and (2) that the retention of the benefit by the defendant is inequitable." *Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509, 519 (D.N.J. 2009), *aff'd*, 374 Fed. App'x. 341 (3d Cir. 2010) (quoting *Wanaque Borough Sewerage Auth. v. Twp. of W. Milford*, 677 A.2d 747, 753 (N.J. 1996)). Where a valid contract governs the parties' rights and obligations, a party cannot bring a claim for unjust enrichment. *See Van Orman v. Am. Ins. Co.*, 680 F.2d 301, 311 (3d Cir. 1982). "[B]ecause unjust enrichment is an equitable remedy resorted to only when there was no express contract providing for remuneration, a plaintiff may recover on one of the other theory, but not both." *Caputo v. Nice-Pak Products, Inc.*, 693 A.2d 494, 498 (N.J. Super. Ct. App. Div. 1997).

Here, Plaintiff alleges that Seaford was unjustly enriched because Seaford did not repay loans in accordance with the Loan Agreement and Notes. Those documents, however, constitute valid contracts that govern the parties' obligations. Because Plaintiff cannot recover for both breach of contract and unjust enrichment over the same conduct and does not provide any additional evidence of unjust enrichment, the Court finds no plausible unjust enrichment cause of action.

Plaintiff's fifth claim is for breach of the covenant of good faith and fair dealing against Seaford. Every contract in New Jersey contains an implied covenant of good faith and fair dealing. *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assoc.*, 864 A.2d 387, 395 (N.J. 2005). To state a claim for breach of the implied covenant, a plaintiff must demonstrate that: "(1) a contract exists between the plaintiff and the defendant; (2) the plaintiff performed under the terms of the contract unless excused; (3) the defendant engaged in conduct, apart from its contractual obligations, without good faith and for the purpose of depriving the plaintiff of the rights and benefits under the contract; and (4) the defendant's conduct caused the plaintiff to suffer injury, damage, loss or harm." *TBI Unltd., LLC v. Clear Cut Lawn Decisions, LLC*, Civ. No. 12-3355, 2014 WL 3853900, at *3 (D.N.J. Aug. 5, 2014). However, a plaintiff "may not maintain a separate action for breach of the implied covenant of good faith and fair dealing [where] it would be duplicative of [its] breach of contract claim." *Hahn v. OnBoard LLC*, Civ. No. 09-3639, 2009 WL 4508580, at *6 (D.N.J. Nov. 16, 2009). Here, Plaintiff has not demonstrated a plausible cause of action for breach of the covenant of good faith and fair dealing because it arises from the same conduct underlying Plaintiff's breach of contract claim.

### 4. *Emcasco* Factors

The Court next must consider the *Emcasco* factors when determining whether default judgment is appropriate. *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The factors are: (1) whether the defaulting party has a meritorious defense, (2) if the plaintiff is prejudiced by not granting the default, and (3) the defaulting party's culpability. *See Emcasco Ins. Co.*, 834 F.2d at 74.

The Court finds that all three factors favor granting default judgment on Plaintiff's breach of contract claims against Seaford and Medical Consulting Group. First, there is no indication that either Defendant has a cognizable defense to Plaintiff's allegations they failed to make payments pursuant to the terms of the Loan Agreement, Notes, and Guaranty Agreement. Thus, this factor is inconclusive. *Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 52 (3d Cir. 2003). Second, because Defendants failed to answer the Complaint, Plaintiff has no alternative means of vindicating his claim against Defendants and suffers prejudice if it does not receive a default judgment. *See Directv v. Asher*, No. Civ. No. 03-1969, 2006 WL 680533, at *2 (D.N.J. Mar. 14, 2006). Third, Defendants' failure to respond permits the Court to draw an inference of culpability. *See Surdi v. Prudential Ins. Co. of Am.*, Civ. No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008). Therefore, the *Emcasco* factors weigh in favor of entering default judgment on the breach of contract claims.

### B. Damages

The Court is not bound to accept as true Plaintiff's mere allegations concerning damages. *See Comdyne I. Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). It is well established that "[a] default is not an admission of the amount of damages claimed." *In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d. 418, 420 (S.D.N.Y. 2000).

Plaintiff seeks $1,206,148.52 of unpaid principal, accrued and unpaid interest, and late fees as of May 20, 2015 with a daily per diem thereafter of $170.02 for the 1070301 Note. Plaintiff also seeks $813,139.22 of unpaid principal, accrued and unpaid interest, and late fees as of May 20, 2015 with a daily per diem thereafter of $117.32 for the 1070401 Note. Finally, Plaintiff seeks $262,138.97 of unpaid principal, accrued and unpaid interest, late fees, and prepayment fees as of May 20, 2015 with a daily per diem thereafter of $35.02 for 1070501

Note. Against Medical Consulting Group, Plaintiff seeks compensatory and consequential damages in the amount of $2,281,426.71 as of May 20, 2015.

### 1. Principal

The Court finds that Plaintiff is entitled to $1,785,381.40 in principal. This is a breach of contract case where three Notes state that Seaford promised to pay Plaintiff principal and interest amounts in monthly installments. It is undisputed that Seaford defaulted on its obligation to make any payments and has not cured that default. Under the three Notes, the total amount of remaining principal becomes due immediately in the event of a default. In addition, Medical Consulting Group has not indemnified Plaintiff against Seaford's default as agreed in the Guaranty Agreement. Plaintiff submitted an affidavit stating that Seaford owed $941,657.64 in principal on the 1070301 Note, $649,762.03 on the 1070401 Note, and $193,961.73 on the 1070501 Note. Therefore, the Court will award Plaintiff $1,785,381.40, the total amount of unpaid principal.

### 2. Interest

Plaintiff has not submitted adequate documentation for the Court to determine the interest award. Plaintiff's affidavit states that, as of May 20, 2015, unpaid interest totals $186,007.20 with a per diem rate of $170.02 on the 1070301 Note, $96,960.03 with a per diem rate of $117.32 on the 1070401 Note, and $41,672.07 with a per diem rate of $35.02 on the 1070501 Note. The Notes provide that interest accrues during the Draw Period and Borrowing Period at the Prime Rate plus 1.00%. However, Plaintiff provides no documentation as to the Prime Rate during the Draw Period or Borrowing Period of the Notes in this case. Further, the Notes state that interest following the Draw Period and Borrowing Period accrues at a rate of 2.45% plus the Federal Home Loan Bank Amortizing Advances Rate, and upon an Event of Default accrues at

the ordinary interest rate plus 18%. Plaintiff did not submit any documentation concerning the number of days the loan accrued interest at the ordinary rate or Default Rate, or its interest calculations applying those rates. Without this information, the Court cannot make an accurate determination of Plaintiff's interest award.

### 3. Late Fees

The Court similarly finds that it is unable to accurately determine Seaford's late fees. Plaintiff alleges it is owed $78,483.68 on the 1070301 Note, $66,417.16 on the 1070401 Note, and $24,565.55 on the 1070501 Note. The Notes state that late payments are subject to a late charge of 10% of the payment due. Because Plaintiff has not submitted documentation as to the amount of each late payment, the Court cannot calculate the total late fees.

### 4. Prepayment Fees

Furthermore, the Court cannot determine the amount of prepayment fees. Plaintiff asserts Seaford incurred prepayment fees on the 1070501 Note in the amount of $1,939.62. Note 1070501 subjects prepayment to different fee amounts depending on when prepayment is made. Plaintiff has not provided the Court documentation on the amount and time of prepayment, so the Court cannot determine prepayment fees at this time.

### 5. Attorney's Fees and Costs

Plaintiff also seeks $46,255.00 attorney's fees and $6,187.00 in costs against Defendants. The burden of proving that a request for attorney's fees is reasonable rests on the party seeking the fees. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). To satisfy this burden, the petitioner must "submit evidence supporting the hours worked and rates claimed." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In this case, Plaintiff has not submitted any

documentation supporting these figures. The Court therefore reserves judgment on the issue of attorney's fees and costs.

### III.     CONCLUSION

For the reasons explained above, Plaintiff's Motion for Default Judgement is **GRANTED** as to the breach of contract claims against Defendants and **DENIED** as to the unjust enrichment and breach of covenant of good faith and fair dealing claims against Seaford. The Court will enter judgment against Defendants in the amount of $1,785,381.40. Plaintiff will have thirty (30) days to provide supporting documentation regarding calculations of interest, late fees, prepayment fees, and attorney's fees and costs.

Dated:   10/20/2016                                              s/ Robert B. Kugler

                                                                               ROBERT B. KUGLER

                                                                               United State District Judge